Harold Robert **PLANTS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–03–065–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 2003.

Mark B. Dewitt, Granbury, for Appellant.

Robert T. Christian, Dist. Atty., Granbury, for Appellee.

Panel F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Appellant Harold Robert Plants appeals from the trial court's revocation of his community supervision for felony DWI. We will affirm.

On March 4, 1999, the trial court sentenced appellant to ten years' confinement for felony DWI and placed him on community supervision for ten years. On the morning of June 20, 2002, appellant knocked on the door of his next-door neighbors, Clyde and Doris Carnes. When Mrs. Carnes opened the door, appellant asked for Mr. Carnes. Mrs. Carnes then helped her sixty-five-year-old husband, who had been blinded by a stroke, to the front porch. When Mr. Carnes stepped onto the porch, appellant punched him in the mouth with his fist. Mrs. Carnes yelled at appellant and asked why he hit Mr. Carnes. Appellant responded, "I'm going to kill the SOB."

On August 27, 2002, the State filed a motion to revoke appellant's community supervision, alleging that appellant intentionally or knowingly caused bodily injury to an elderly and disabled person, Clyde William Carnes, on June 20, 2002. The trial court conducted a hearing on the State's motion to revoke on December 17, 2002, found the allegations in the motion to be true, and imposed a sentence of eight years' confinement.

In his sole point, appellant contends that the trial court abused its discretion by revoking his community supervision because the evidence is insufficient to support the trial court's finding of true to the allegation that he intentionally or knowingly caused bodily injury to a disabled person over sixty-five years of age. *See* Tex. Penal Code Ann. § 22.04(a) (Vernon 2003). Appellant asserts that there is no evidence that he knew that the victim was elderly or disabled. In response, the State contends it was not required to prove that appellant knew the victim was elderly or disabled, and that if it was required to prove that

appellant knew the status of the victim, there is sufficient evidence that appellant did have such knowledge.

■ We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex. Crim.App.1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493; *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. [Panel Op.] 1981); *Allbright v. State,* 13 S.W.3d 817, 819 (Tex.App.-Fort Worth 2000, pet. ref'd). Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. [Panel Op.] 1980); *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim.App. [Panel Op.] 1980).

Section 22.04 of the Texas Penal Code provides in pertinent part:

(a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:

. . . .

(3) bodily injury.

. . . .

[ (c) ](2) "Elderly individual" means a person 65 years of age or older.

(3) "Disabled individual" means a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself.

. . . .

(f) An offense under Subsection (a)(3) is a felony of the third degree when the conduct is committed intentionally or knowingly.

*Id.* § 22.04(a)(3), (c)(2), (3), (f).

■ An offense under section 22.04(a) is a result-oriented crime. *Kelly v. State,* 748 S.W.2d 236, 239 (Tex.Crim.App.1988); *Maupin v. State,* 930 S.W.2d 267, 268 (Tex. App.-Fort Worth 1996, pet. ref'd). In other words, it is the intent to cause the result—bodily injury to an elderly or disabled person—that is the gravamen of the offense. *Kelly,* 748 S.W.2d at 239. Thus, if the actor is unaware of the elderly or disabled status of the victim, the intent requirement of the statute is not satisfied. Therefore, the State in this case was required to show by a preponderance of the evidence that appellant intended to injure an elderly or disabled person to support the trial court's finding of true to the section 22.04(a) allegation in the motion to revoke appellant's community supervision.

■ The record shows that Mr. Carnes is over sixty-five years old and blind. It further shows that appellant lived next door to the Carneses for about eight years and that he knew them on a first-name basis. Mr. Carnes was familiar enough with appellant to recognize him by the sound of his voice. Mrs. Carnes testified that she had to help her elderly, blind husband to the door so that he could talk to appellant. At a minimum, this evidence is sufficient to prove by a preponderance of the evidence that appellant knew that Mr. Carnes was blind. Thus, the trial

court did not abuse its discretion by revoking appellant's community supervision.

Appellant's point is overruled. We affirm the judgment of the trial court.