LAW V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-123-CR

ELMER LESTER LAW APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

INTRODUCTION

In three points Appellant Elmer Law argues that the trial court erred in revoking his community supervision.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of burglary of a habitation and sentenced to six years’ confinement.  The sentence was suspended and Appellant was placed on community supervision for six years with specified conditions.  The State later moved to revoke Appellant’s community supervision, alleging that Appellant violated two conditions.  

The first alleged violation related to Appellant’s failure to report to his probation officer.  In May 2003, Appellant’s community supervision was transferred from Denton to Dallas County, with Denton County continuing to maintain a probation file.  Appellant’s Denton County probation officer testified that Appellant never reported to Dallas County.  Upon learning that Appellant was not reporting to the Dallas County office, the Denton County office verified Appellant’s address and set up another appointment with the Dallas County office, which he failed to attend.  Appellant admitted that he never reported to anyone in Dallas County. 

The second violation related to Appellant’s failure to identify himself to a police officer.  On August 25, 2003 around 3:30 a.m. Appellant was stopped by a North Richland Hills police officer for driving with a front headlight out.  Appellant twice told the officer that his name was Oscar Rivera.  Appellant admitted his true name only after the officer had arrested him for driving without a license.  The officer discovered upon closer examination that the headlight was only dim and not out, but he testified that he discovered this fact after he had arrested Appellant. 

The trial court conducted a hearing on the State’s motion to revoke and found both alleged violations to be true by a preponderance of the evidence.  The court revoked Appellant’s community supervision and assessed a sentence of six years’ confinement.  Appellant appealed.

DISCUSSION

Appellant presents three points on appeal:  (1) the trial court erred by finding that Appellant failed to report to the Dallas County probation office because the Dallas County records used to prove this allegation were inadmissible hearsay; (2) the traffic stop was unlawful under the Fourth
 Amendment to the United States Constitution; and (3) because the traffic stop was unlawful it was error to find that he committed the offense of failure to identify.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion.  
Plants v. State
, 124 S.W.3d 414, 416 (
Tex. App.—Fort Worth 2003, no pet.).  An abuse of discretion occurs where the trial judge's decision was so wrong that it falls outside the zone within which reasonable persons might disagree.  
Zuliani v. State, 
97 S.W.3d 589, 595 (Tex. Crim. App. 2003);
 Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).  On appeal from the revocation of community supervision, the appellate court must examine the evidence in the light most favorable to the trial court's order. 
 Allbright v. State
, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref’d).  In a revocation hearing, the State must prove by a preponderance of the evidence that the probationer violated the terms and conditions of his community supervision.
  Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); 
Plants
, 124 S.W.3d at 416; 
Allbright, 
13 S.W.3d at 818-19.  The finding of a single violation of community supervision is sufficient to support revocation.  
Allbright
, 13 S.W.3d at 819.

In his first point Appellant argues that the trial court erred in finding that he had failed to report to his probation officer based on hearsay records of the Dallas County probation office.  Through the Denton County probation officer, the State offered records that included documents from both the Denton County and Dallas County probation offices.  Appellant objected that the Dallas County records were hearsay and lacked the proper predicate for any hearsay exception.
(footnote: 2)  The trial court overruled his objections and admitted the records. 

Assuming for argument’s sake that Appellant is correct and that the admission of those portions of the file was error, the error was cured by the later admission of the same evidence without objection.  A party must object each time inadmissible evidence is offered or obtain a running objection.  
Valle v. State
, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  An error in the admission of evidence is cured where the same evidence comes in elsewhere without objection.  
Id.

Immediately after the trial court admitted the records, the Denton County probation officer testified at length about Appellant’s failure to report to the Dallas County probation office.  Appellant did not object to this testimony.  Moreover, Appellant himself took the stand and testified on direct examination that he did not report to the Dallas County probation office.  These later admissions of the same evidence without objection cured the error, if any, arising from the admission of the Dallas County records.  We hold that the trial court did not err by finding “true” the allegation that Appellant failed to report to his probation officer.  We overrule Appellant’s first point.

Having determined that the trial court did not abuse its discretion in finding “true” to one violation of Appellant’s community supervision, we need not consider his remaining points.  
See 
Tex. R. App. P.
 47.1.  We affirm the trial court’s judgment.  
See
 
Tex. R. App. P.
 43.2(a). 

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 18, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant also argues on appeal that the records lacked “sufficient indicia of reliability” and violate his constitutional right to confront witnesses.  Because Appellant did not raise these objections in the trial court, he failed to preserve them for appeal.  
See
 
Tex. R. App. P.
 33.1; 
Curry v. State,
 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995)