COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-123-CR


ELMER LESTER LAW                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION [1]

------------
INTRODUCTION
        In three points Appellant Elmer Law argues that the trial court erred in
revoking his community supervision. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
        Appellant was convicted of burglary of a habitation and sentenced to six
years’ confinement. The sentence was suspended and Appellant was placed
on community supervision for six years with specified conditions. The State
later moved to revoke Appellant’s community supervision, alleging that
Appellant violated two conditions.
        The first alleged violation related to Appellant’s failure to report to his
probation officer. In May 2003, Appellant’s community supervision was
transferred from Denton to Dallas County, with Denton County continuing to
maintain a probation file. Appellant’s Denton County probation officer testified
that Appellant never reported to Dallas County. Upon learning that Appellant
was not reporting to the Dallas County office, the Denton County office verified
Appellant’s address and set up another appointment with the Dallas County
office, which he failed to attend. Appellant admitted that he never reported to
anyone in Dallas County.
        The second violation related to Appellant’s failure to identify himself to
a police officer. On August 25, 2003 around 3:30 a.m. Appellant was stopped
by a North Richland Hills police officer for driving with a front headlight out. 
Appellant twice told the officer that his name was Oscar Rivera. Appellant
admitted his true name only after the officer had arrested him for driving
without a license. The officer discovered upon closer examination that the
headlight was only dim and not out, but he testified that he discovered this fact
after he had arrested Appellant.
        The trial court conducted a hearing on the State’s motion to revoke and
found both alleged violations to be true by a preponderance of the evidence. 
The court revoked Appellant’s community supervision and assessed a sentence
of six years’ confinement. Appellant appealed.
DISCUSSION
        Appellant presents three points on appeal: (1) the trial court erred by
finding that Appellant failed to report to the Dallas County probation office
because the Dallas County records used to prove this allegation were
inadmissible hearsay; (2) the traffic stop was unlawful under the Fourth
Amendment to the United States Constitution; and (3) because the traffic stop
was unlawful it was error to find that he committed the offense of failure to
identify.
        Appellate review of an order revoking community supervision is limited
to determining whether the trial court abused its discretion. Plants v. State,
124 S.W.3d 414, 416 (Tex. App.—Fort Worth 2003, no pet.). An abuse of
discretion occurs where the trial judge's decision was so wrong that it falls
outside the zone within which reasonable persons might disagree. Zuliani v.
State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993). 
On appeal from the revocation of community supervision, the appellate court
must examine the evidence in the light most favorable to the trial court's order. 
Allbright v. State, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet.
ref’d). In a revocation hearing, the State must prove by a preponderance of the
evidence that the probationer violated the terms and conditions of his
community supervision. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993); Plants, 124 S.W.3d at 416; Allbright, 13 S.W.3d at 818-19. The
finding of a single violation of community supervision is sufficient to support
revocation. Allbright, 13 S.W.3d at 819.
        In his first point Appellant argues that the trial court erred in finding that
he had failed to report to his probation officer based on hearsay records of the
Dallas County probation office. Through the Denton County probation officer,
the State offered records that included documents from both the Denton
County and Dallas County probation offices. Appellant objected that the Dallas
County records were hearsay and lacked the proper predicate for any hearsay
exception. [2] The trial court overruled his objections and admitted the records.
        Assuming for argument’s sake that Appellant is correct and that the
admission of those portions of the file was error, the error was cured by the
later admission of the same evidence without objection. A party must object
each time inadmissible evidence is offered or obtain a running objection. Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). An error in the
admission of evidence is cured where the same evidence comes in elsewhere
without objection. Id.
        Immediately after the trial court admitted the records, the Denton County
probation officer testified at length about Appellant’s failure to report to the
Dallas County probation office. Appellant did not object to this testimony. 
Moreover, Appellant himself took the stand and testified on direct examination
that he did not report to the Dallas County probation office. These later
admissions of the same evidence without objection cured the error, if any,
arising from the admission of the Dallas County records. We hold that the trial
court did not err by finding “true” the allegation that Appellant failed to report
to his probation officer. We overrule Appellant’s first point.
        Having determined that the trial court did not abuse its discretion in
finding “true” to one violation of Appellant’s community supervision, we need
not consider his remaining points. See Tex. R. App. P. 47.1. We affirm the trial
court’s judgment. See Tex. R. App. P. 43.2(a).
 
                                                          ANNE GARDNER
                                                          JUSTICE
 
PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2005
 
NOTES
1. See Tex. R. App. P. 47.4.
2. Appellant also argues on appeal that the records lacked “sufficient indicia of
reliability” and violate his constitutional right to confront witnesses. Because
Appellant did not raise these objections in the trial court, he failed to preserve
them for appeal. See Tex. R. App. P. 33.1; Curry v. State, 910 S.W.2d 490,
496 & n.2 (Tex. Crim. App. 1995).