DOLORES MOLINA LANGFORD V. STATE OF TEXAS

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-188-CR

DOLORES MOLINA LANGFORD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Dolores Molina Langford appeals from the revocation of her community supervision and the trial court’s judgment sentencing her to twenty-one months’ confinement in a state jail facility.  We affirm. 

STANDARD OF REVIEW

We review an order revoking community supervision under an abuse of discretion standard.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);
 Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona
, 665 S.W.2d at 493; 
Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. 
 Cardona
, 665 S.W.2d at 493-94.

Although Appellant recites that this court has consistently held that the standard of review on appeal from a revocation proceeding is an abuse of discretion, Appellant nevertheless urges us to conduct a factual sufficiency analysis in light of the standards set forth in 
Clewis v. State
, 922 S.W.2d 126 (Tex. Crim. App. 1996).  Appellant concedes that we have previously ruled that the 
Clewis
 line of cases does not apply to revocation proceedings.  
See Allbright
, 13 S.W.3d at 818.  We decline Appellant’s invitation to revisit our holding in 
Allbright
.  

Appellant further asserts that when viewed in light of the holding of the Court in 
Apprendi v. New Jersey
, revocation cases ought to require a beyond a reasonable doubt standard of proof and the abuse of discretion standard of appellate review should give way to the review provided by rule 44.2 of the Texas Rules of Appellate Procedure.  
Apprendi v. New Jersey
, 530 U.S. 466, 120 S. Ct. 2348 (2000); 
see 
Tex. R. App. P.
 44.2.  The Court in 
Apprendi
 held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. at 490, 120 S. Ct. at 2362.  We agree with the State in the instant case that the holding of 
Apprendi
 is inapplicable to this revocation proceeding because the trial judge did not decide any fact that increased the penalty range; the judge merely exercised his discretion in revoking Appellant’s community supervision. 

Therefore, we examine the evidence in the light most favorable to the trial court's order revoking Appellant’s community supervision.  
See Jackson
, 645 S.W.2d at 305.  As we held in 
Allbright
, any other type of review would effectively attenuate the trial judge's discretion.  13 S.W.3d at 818. 

VIOLATION OF CONDITIONS OF COMMUNITY SUPERVISION

In her first point, Appellant contends the trial court abused its discretion in finding she violated one of the conditions of her community supervision.

The State’s motion to revoke alleged seven violations of the terms and conditions of Appellant’s community supervision.  The trial court found one violation to be not true and the rest of the violations to be true.
(footnote: 2)  In her brief on appeal, Appellant only challenges the trial court’s findings with regard to two of the violations.  Proof by a preponderance of the evidence of any 
one
 of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).  Because Appellant does not challenge the remaining four violations that the trial court found to be true, we hold the evidence is sufficient to support the trial court’s revocation order and the court did not abuse its discretion in revoking Apellant’s community supervision.
(footnote: 3)  

ASSESSMENT OF PUNISHMENT

Appellant’s second point alleges the trial court erred in assessing punishment of incarceration because Appellant “presented significant evidence of extenuating circumstances and mitigating factors, to the degree where the court indicated that it would overlook a lot of the [violations].”  Appellant does not cite any authority or present legal argument in support of her claim that assessment of punishment was error.  Therefore, this point is inadequately briefed and nothing is presented for our review.  
See
 
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001).

Further, even if error had been preserved regarding the severity of punishment, a trial court is vested with a great degree of discretion in imposing an appropriate sentence.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a sentence is within the proper range of punishment and has a factual basis in the record, it will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).  Appellant was convicted of possession of a controlled substance, methamphetamine, of less than one gram.  The penalty range for this offense is that of a state jail felony, which is confinement in a state jail for any term of not more than two years or less than 180 days, and a fine not to exceed $10,000.
  See
 
Tex. Health & Safety Code Ann
.
 § 481.115
(b) (Vernon 2003); 
Tex. Penal Code Ann.
 § 12.35(a), (b) (Vernon 2003).  The trial court assessed Appellant’s punishment within the authorized penalty range.  There is nothing to suggest that the trial court abused its discretion by assessing Appellant’s punishment.

CONCLUSION

We overrule both of Appellant’s points and affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, WALKER, and MCCOY, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 22, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The trial court’s written judgment states that the court found all violations in the State’s motion to revoke to be true.  On appeal, the State agrees that the trial court actually found that Appellant had violated six, not seven, conditions of her community supervision.

3:
We note that although Appellant pled not true to the allegations that she failed to report to her supervision officer and failed to pay all the required fines and fees, during cross-examination she admitted that she failed to report and make all the required payments for fines and fees.  Additionally, although Appellant pled not true to the allegation that she failed to abstain from the use of controlled substances, during cross-examination Appellant admitted that she had snorted cocaine, and possibly methamphetamine, while on community supervision.