COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-188-CR

 

 

DOLORES MOLINA LANGFORD                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Dolores Molina
Langford appeals from the revocation of her community supervision and the trial
court=s judgment sentencing her to twenty-one months= confinement in a state jail facility. 
We affirm. 

                                    STANDARD OF REVIEW








We review an order revoking
community supervision under an abuse of discretion standard.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.
Crim. App. 1983).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
defendant violated the terms and conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  The trial court
is the sole judge of the credibility of the witnesses and the weight to be
given their testimony, and we review the evidence in the light most favorable
to the trial court=s
ruling.  Cardona, 665 S.W.2d at
493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.]
1981); Allbright v. State, 13 S.W.3d 817, 819 (Tex. App.CFort Worth 2000, pet. ref=d).  If the State fails to meet
its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493-94.

Although Appellant recites
that this court has consistently held that the standard of review on appeal
from a revocation proceeding is an abuse of discretion, Appellant nevertheless
urges us to conduct a factual sufficiency analysis in light of the standards
set forth in Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App.
1996).  Appellant concedes that we have
previously ruled that the Clewis line of cases does not apply to
revocation proceedings.  See Allbright,
13 S.W.3d at 818.  We decline Appellant=s invitation to revisit our holding in Allbright.  








Appellant further asserts
that when viewed in light of the holding of the Court in Apprendi v. New
Jersey, revocation cases ought to require a beyond a reasonable doubt
standard of proof and the abuse of discretion standard of appellate review
should give way to the review provided by rule 44.2 of the Texas Rules of
Appellate Procedure.  Apprendi v. New
Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); see Tex. R. App. P. 44.2.  The Court in Apprendi held that any
fact that increases the penalty for a crime beyond the prescribed statutory
maximum must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. at 490, 120 S. Ct. at 2362.  We agree with the State in the instant case
that the holding of Apprendi is inapplicable to this revocation
proceeding because the trial judge did not decide any fact that increased the
penalty range; the judge merely exercised his discretion in revoking Appellant=s community supervision. 

Therefore, we examine the
evidence in the light most favorable to the trial court's order revoking
Appellant=s community
supervision.  See Jackson, 645
S.W.2d at 305.  As we held in Allbright,
any other type of review would effectively attenuate the trial judge's
discretion.  13 S.W.3d at 818.   

 

 

 








           VIOLATION OF CONDITIONS OF COMMUNITY SUPERVISION

In her first point, Appellant
contends the trial court abused its discretion in finding she violated one of
the conditions of her community supervision.

The State=s motion to revoke alleged seven violations of the terms and
conditions of Appellant=s community
supervision.  The trial court found one
violation to be not true and the rest of the violations to be true.[2]  In her brief on appeal, Appellant only
challenges the trial court=s findings with regard to two of the violations.  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community
supervision is sufficient to support a revocation order.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. [Panel Op.] 1980). 
Because Appellant does not challenge the remaining four violations that
the trial court found to be true, we hold the evidence is sufficient to support
the trial court=s revocation
order and the court did not abuse its discretion in revoking Apellant=s community supervision.[3]  








                               ASSESSMENT OF PUNISHMENT

Appellant=s second point alleges the trial court erred in assessing punishment
of incarceration because Appellant Apresented significant evidence of extenuating circumstances and
mitigating factors, to the degree where the court indicated that it would
overlook a lot of the [violations].@  Appellant does not cite any
authority or present legal argument in support of her claim that assessment of
punishment was error.  Therefore, this
point is inadequately briefed and nothing is presented for our review.  See Tex.
R. App. P. 38.1(h); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim.
App. 2000), cert. denied, 532 U.S. 1053 (2001).








Further, even if error had
been preserved regarding the severity of punishment, a trial court is vested
with a great degree of discretion in imposing an appropriate sentence.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).  It is the
general rule that as long as a sentence is within the proper range of
punishment and has a factual basis in the record, it will not be disturbed on
appeal.  Nunez v. State, 565
S.W.2d 536, 538 (Tex. Crim. App. 1978). 
Appellant was convicted of possession of a controlled substance,
methamphetamine, of less than one gram. 
The penalty range for this offense is that of a state jail felony, which
is confinement in a state jail for any term of not more than two years or less
than 180 days, and a fine not to exceed $10,000.  See Tex.
Health & Safety Code Ann. ' 481.115(b) (Vernon 2003); Tex. Penal Code Ann. ' 12.35(a), (b) (Vernon 2003). 
The trial court assessed Appellant=s punishment within the authorized penalty range.  There is nothing to suggest that the trial
court abused its discretion by assessing Appellant=s punishment.

                                           CONCLUSION

We overrule both of Appellant=s points and affirm the judgment of the trial court.

 

                                                        PER
CURIAM

PANEL F: 
HOLMAN, WALKER, and MCCOY, JJ. 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 22, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
trial court=s
written judgment states that the court found all violations in the State=s
motion to revoke to be true.  On appeal,
the State agrees that the trial court actually found that Appellant had
violated six, not seven, conditions of her community supervision.





[3]We
note that although Appellant pled not true to the allegations that she failed
to report to her supervision officer and failed to pay all the required fines
and fees, during cross-examination she admitted that she failed to report and
make all the required payments for fines and fees.  Additionally, although Appellant pled not
true to the allegation that she failed to abstain from the use of controlled
substances, during cross-examination Appellant admitted that she had snorted
cocaine, and possibly methamphetamine, while on community supervision.