NO. 07-06-0103-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 29, 2006


 ______________________________



RICHARD DEBENEDETTO AND WIFE, TINA DEBENEDETTO


INDIVIDUALLY AND AS NEXT FRIENDS OF BABY GIRL DEBENEDETTO


AKA ELIZABETH G. DEBENEDETTO, A MINOR, APPELLANTS



V.



BAPTIST/ST. ANTHONY'S HOSPITAL CORPORATION DBA


BAPTIST/ST. ANTHONY'S HEALTH SYSTEM, APPELLEE


_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,811-E; HONORABLE ABE LOPEZ, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 On August 15, 2006, the appellants filed a Motion to Dismiss Appeal. No decision
of this Court having been delivered to date, we grant the motion. Accordingly, the appeal
is dismissed. No motion for rehearing will be entertained and our mandate will issue
forthwith. Tex. R. App. P. 42.1.

 

 James T. Campbell

 Justice



S
 X-NONE
 X-NONE
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00203-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
30, 2011

 



 

XAN ROSS ORMON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF
POTTER COUNTY;

 

NO. 47,237-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK, JJ., and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

            The
trial court adjudicated appellant Xan Ross Ormon guilty of burglary of a habitation, revoked his order
of community supervision, and sentenced him to four years confinement in
prison.  He appeals.  We will affirm.

Background

            In
October 2003, appellant plead guilty to an indicted charge of burglary of a
habitation.  The court deferred
adjudication of guilt and placed appellant under an order of community supervision
for five years.  After the State filed
its second motion to proceed to adjudication in March 2008, appellants
community supervision was extended until October 2012.  

The State filed its third motion to
proceed with adjudication of guilt in March 2009.  As grounds, the State alleged appellant
violated four conditions of his community supervision order: he traveled beyond
the geographic limitation of the order without court permission; he failed to
pay the monthly supervision fee for January and February 2009; he failed to pay
restitution for July 2008 through February 2009; and he failed to pay
delinquent probation fees for January 2009 and February 2009.  

At the hearing, appellant plead true
to the violations alleged.  The trial
court then received evidence which included the testimony of a probation
officer.  According to the officer,
appellant requested permission to travel to New Orleans, outside the geographic
limitation of his community supervision order. 
The request was denied.  The
officer then attempted two home visits but was unable to locate appellant.  Following investigative telephone calls and a
visit to appellants workplace, the officer received a call from appellant.  He admitted traveling to New Orleans.  Concerning appellants claim that financial
duress caused his payment arrearages, the probation officer testified that
appellant offered to overnight the past due sums if allowed to travel to New
Orleans.

Appellant testified in his
defense.  He explained the purpose of his
trip to New Orleans was to attend a business conference that he considered
necessary to his continued employment. 
And he fell behind on restitution and fees because of insufficient
income.  After close of the evidence, the
trial court sentenced appellant to four years confinement in prison.  In open court, following pronouncement of
sentence, appellant offered to bring current his arrearages if allowed to
remain on community supervision.  The
trial court declined the offer. 
Appellant now appeals.

Analysis

Through a single issue, appellant
argues the evidence was insufficient to support revocation of community
supervision.  A community supervision
revocation proceeding is neither a criminal nor a civil trial, but an administrative
proceeding.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). 
We review an order revoking community supervision under an abuse of
discretion standard.  Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.1983).  A trial court abuses its discretion if its
decision is so clearly wrong that it lies outside the zone within which
reasonable people might disagree.  Wilkins v. State, 279
S.W.3d 701, 703-704 (Tex.App.--Amarillo 2007, no
pet.).  The trial judge is the
sole trier of fact and determines the credibility of
the witnesses and the weight given their testimony.  Allbright v. State,
13 S.W.3d 817, 818-19 (Tex.App.--Fort Worth 2000,
pet. refused).  

We review the evidence in the light
most favorable to the courts ruling.  Cardona, 665 S.W.2d at
493; Allbright, 13 S.W.3d at 819.  Hence a factual sufficiency review is
inapplicable to revocation proceedings.  Allbright, 13 S.W.3d at 818.  See also Cherry v. State, 215 S.W.3d
917, 919 (Tex.App.--Fort Worth 2007, pet. refused)
(collecting cases).  Appellant makes an
argument the evidence supporting revocation was factually insufficient, and in
support cites Pierce v. State.  113 S.W.3d 431, 436 (Tex.App.--Texarkana
2003, pet. refused).  We do not read Pierce to set forth a different standard
for review of a revocation order than we have stated.  To the extent appellant intends his issue to
include a claim that the trial court abused its discretion because the evidence
was factually insufficient to support revocation, we overrule the issue.

The burden is on the State in a
revocation proceeding to prove by a preponderance of the evidence that the
defendant is the same individual named in the judgment and order of community
supervision, and the defendant violated a term of community supervision in the
motion to revoke.  Cobb, 851 S.W.2d at 873-74.  This standard is met when the greater weight
of the credible evidence creates a reasonable belief that the defendant
violated a condition of his or her community supervision as the State
alleged.  Martin v. State, 623 S.W.2d 391, 393 n.5
(Tex.Crim.App. 1981) (panel op.); Allbright, 13 S.W.3d at 819.  

A plea of true to even one
allegation in the States motion is sufficient to support a judgment revoking
community supervision.  Cole v. State, 578 S.W.2d
127, 128 (Tex.Crim.App. 1979); Lewis v. State, 195 S.W.3d 205, 209 (Tex.App.--San
Antonio 2006, no pet.).  Here
appellant pled true to each violation alleged and the State offered undisputed
proof that appellant traveled beyond the ordered area of supervision without
court authorization.  Further,
appellants attempt to bargain for continued community supervision by offering to
overnight payment of restitution and fees and pay the arrearages is some
evidence belying his affirmative claim of inability to pay fees and
restitution.  Finally, the punishment the
trial court assessed is within the range authorized by statute.[2]  

But as we discern it, the core of
appellants issue is that, despite his plea of true to the violations the State
alleged, the trial court abused its discretion by sentencing him to confinement
rather than continuing his community supervision.  It is the general rule that as long as a
sentence is within the proper range of punishment, it will not be disturbed on
appeal.  Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). 
See generally Ex parte Chavez, 213 S.W.3d 320, 323-24
(Tex.Crim.App. 2006) (describing essentially
unfettered sentencing discretion of court). As we have noted, and as is clear
from appellants testimony, this was the third hearing of a motion to proceed
in his case.  And, asked at this last
adjudication hearing by the trial court about the circumstances of the burglary
to which he plead guilty in 2003, appellant told the court he did not know
anything about the offense because I didnt do it.  We find the trial court did not abuse its
discretion by revoking appellants community supervision and imposing a
sentence within the range authorized by law. 
Appellants issue is overruled.

 

 

 

Conclusion

            Having
overruled appellants sole issue, we affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do
not publish.  








 











[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of
Appeals, sitting by assignment.





[2] Generally, burglary of a habitation is classified as
a second-degree felony, punishable by a sentence of two to twenty years
imprisonment and a fine not to exceed $10,000. See Tex. Penal Code Ann. §§ 30.02(c)(2);
12.33(a),(b) (West 2011).