Berl Odell ALLBRIGHT, Appellant,

v.

The STATE of Texas, State.

No. 2–99–279–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 17, 2000.

Gary Medlin, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Section, Curtis Jenkins, Ben Leonard and Lloyd Whelchel, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

PANEL B: LIVINGSTON and HOLMAN, JJ.; WILLIAM BRIGHAM, J. (Retired, Sitting by Assignment).

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Berl Odell Allbright was indicted on July 29, 1997 for the offense of indecency with a child. Appellant pled guilty and was placed on community supervision for five years. The State filed a motion to revoke Appellant's community supervision on April 27, 1999. The trial court granted the motion, revoked Appellant's probation, and sentenced Appellant

to five years' confinement. Appellant argues that the evidence is both legally and factually insufficient to support the revocation. After examining the evidence in the light most favorable to the trial court's order, we hold that the trial court did not abuse its discretion. We overrule Appellant's points and affirm the trial court's judgment.

## BACKGROUND

Appellant was indicted for being indecent with his step-daughter, A.L. The relevant conditions of his community supervision required that Appellant not have any contact whatsoever with A.L. or possess any pornographic material. At the time of the revocation hearing, Appellant and A.L.'s mother, Jean Allbright, were married although they had separate residences and lived apart from one another.

Appellant went to Jean's house on two occasions to mow the lawn in the backyard. Jean could not start the lawn mower and A.L. was at work from 9:00 a.m. to 7:00 p.m. Jean asked A.L. if she would have a problem with Appellant coming over to help out with the yardwork and A.L. responded that she did not. Appellant had no contact with A.L. on those two occasions.

Jean borrowed a pornographic videotape from a friend to spark her and Appellant's sex life. Jean brought the videotape over to Appellant's apartment on March 2, 1999 and again about two weeks later. Jean and Appellant did not view the videotape the first time she brought it over. The second time Jean brought the videotape over, Appellant told her to turn it off and later explained to her that he could not watch it and that it might violate a term of his community supervision.

1. A preponderance of the evidence means the greater weight and degree of credible testimony. *See Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91, 95 (1935); *Allen v. State*, 786

## STANDARD OF REVIEW

 Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). An abuse of discretion occurs where the trial judge's decision was so wrong that it falls outside the zone within which reasonable persons might disagree. *See Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). We must examine the evidence in the light most favorable to the trial court's order. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981); *Galvan v. State*, 846 S.W.2d 161, 162 (Tex.App.— Houston [1 st Dist.] 1993, no pet.); *Jones v. State*, 787 S.W.2d 96, 97 (Tex.App.—Houston [1 st Dist.] 1990, pet. ref'd).

Although Appellant states that the proper standard of review on appeal from a revocation proceeding is an abuse of discretion, Appellant nevertheless urges us to conduct a factual sufficiency analysis in light of the standards set forth in *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996). Appellant's reliance on this standard is misplaced. *See Johnson v. State*, 943 S.W.2d 83, 85 (Tex.App.—Houston [1 st Dist.] 1997, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 299–300 (Tex.App.—Waco 1996, pet. ref'd). Therefore, we will examine the evidence in the light most favorable to the trial court's order revoking community supervision. *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). Any other type of review would effectively attenuate the trial judge's discretion.

## APPLICATION OF LAW AND FACTS

 In a revocation hearing, the State must prove by a preponderance of the evidence [1] that the probationer violated the terms and conditions of his community

S.W.2d 738, 741 (Tex.App.—Fort Worth 1989), *pet. dism'd*, 841 S.W.2d 7 (Tex.Crim. App.1992).

supervision. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Warmoth v. State*, 946 S.W.2d 526, 528 (Tex.App.— Fort Worth 1997, no pet.). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision as the State alleged. *See Martin v. State*, 623 S.W.2d 391, 393 n. 5 (Tex.Crim.App.1981). In a community supervision revocation hearing, the trial judge is the sole trier of fact. *See Jones*, 787 S.W.2d at 97. The trial judge also determines the credibility of the witnesses and the weight to be given to their testimony. *See id.* He may accept or reject any or all of the witness' testimony. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App.1987).

■ Appellant admitted to Arthur Lozano, his sex-offender counselor, that he went to A.L.'s house on two occasions to mow the lawn. Lozano instructed Appellant to consider the impact that those visits had on A.L. because she continued to have nightmares about Appellant. Condition seven of the supplement to Appellant's community supervision stated that Appellant was not to have any contact with A.L. in any form, including but not limited to passing by her residence. Appellant not only passed by her residence, but he actually went to A.L.'s residence albeit she was not there at the time. A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim.App. [Panel Op.] 1980); *Burke v. State*, 930 S.W.2d 230, 232 (Tex.App.— Houston [14 th Dist.] 1996, pet. ref'd).

Appellant also argues that the terms of his community supervision prevented him from possessing pornography, but not from viewing it. The trial court correctly defined possession as actual care, custody, control, or management. *See* Tex. Penal Code Ann. § 1.07(a)(39) (Vernon 1994). It also was correct in its finding that Appellant had to possess the pornographic material in order to watch it in his home. For

these reasons, the trial court did not abuse its discretion by revoking Appellant's community supervision.

## CONCLUSION

■ We hold that the trial court could have found by a preponderance of the evidence that Appellant had come in contact with A.L. as prohibited by the terms of his community supervision. We also hold that the trial court correctly found that Appellant possessed pornographic material in order to watch it. Because the trial court did not abuse its discretion, we overrule Appellant's points and affirm the trial court's judgment.