COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-540-CR

 

 

WELDON DUDLEY HARRIS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Weldon Dudley
Harris appeals his revocation of community supervision and sentence of
twenty-four months in a state jail facility. 
In his sole point, appellant argues that the trial court abused its
discretion in revoking his community supervision and sentencing him to
twenty-four months in jail.  We affirm.








Background Facts

On March 2, 2004, appellant
pled guilty to possession of a controlled substance, namely methamphetamine, of
less than one gram.  Pursuant to the plea
agreement with the State, appellant was sentenced to twenty-four months in a
state jail facility and ordered to pay a $1,500 fine.  However, the imposition of the sentence was
suspended and appellant was placed on community supervision for five
years.  The State filed a motion to
revoke appellant=s community
supervision when he failed to meet certain requirements set forth in the
original judgment. 

At the November 3, 2004
hearing, appellant pled true to all of the State=s allegations.  Josh Cooper, a
community supervision officer in Parker County, testified that another officer
in the Parker County community supervision office went over the conditions of
appellant=s probation
with him, and that appellant failed to report for probation after his court
date.  Appellant stipulated that he
failed to report for probation, pay any money, or perform any services that he
was required to under the original judgment. 








Appellant testified that he
is homeless and has a wife and five children to care for.  He stated that he does not have a steady
income but works day jobs to pay for the motel room where he was staying.  Appellant testified that he moved from Parker
County to Fort Worth and then to Dallas County to try to find employment.  Appellant testified that when he moved to
Fort Worth he contacted the Fort Worth community supervision office and had to
use bus passes given to him by his church to go there because he did not have
any money for transportation to the office. 
Appellant testified that after he moved to Dallas County the reason he did
not report to probation was that he did not have money to pay for the
long-distance phone call to Parker County and did not have any
transportation.  Appellant stated that
when he moved to Dallas County he contacted the Dallas County community
supervision office and was told that it was his responsibility to contact his
probation office.  Appellant did not make
any other attempts to contact the Parker County probation office.  

During the six months
appellant was on community supervision, appellant was working day jobs to
support his family.  Appellant testified
that if the judge placed him back on community supervision, he had two people
who guaranteed him a job.  After hearing
evidence from both the State and appellant, the trial court revoked appellant=s community supervision and imposed the original sentence of
twenty-four months in a state jail facility and a $1,500 fine.

Revocation of Community
Supervision








We review an order revoking community supervision under an
abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983). 
In a revocation proceeding, the State must prove by a preponderance of
the evidence that the defendant violated the terms and conditions of community
supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993). 
The trial court is the sole judge of the credibility of the witnesses
and the weight to be given their testimony, and we review the evidence in the
light most favorable to the trial court=s ruling.  Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.CFort Worth 2000,
pet. ref=d).  If the State fails to meet its burden of
proof, the trial court abuses its discretion in revoking the community
supervision.  Cardona, 665 S.W.2d
at 493-94.








Appellant pled true to all of
the State=s
allegations regarding his violation of community supervision.  A plea of true, standing alone, is sufficient
to support the revocation of community supervision.  Cole v. State, 578 S.W.2d 127, 128
(Tex. Crim. App. [Panel Op.] 1979).[2]  Appellant claims that the trial court abused
its discretion when it failed to consider his individual circumstances, namely
that he was homeless, had a wife and five children to care for, and that his
violation was unintentional, but he fails to point to anything in the record to
support this contention.  Nothing, other
than appellant=s
suppositions, indicates the trial judge did not consider appellant=s circumstances in making his determination.  See Gerhardt v. State, 935 S.W.2d 192,
196 (Tex. App._Beaumont 1996, no writ).  

Appellant argues that the
trial court abused its discretion in sentencing him to twenty-four months= confinement and not reinstating his community supervision or giving
him a less severe alternative to incarceration. 
Section 12.35 of the penal code states that an individual adjudged
guilty of a state jail felony shall be punished by confinement in a state jail
for any term of not more than two years or less than 180 days.  Tex.
Penal Code Ann. ' 12.35(a)
(Vernon 2003).  It is clear that the
punishment assessed by the trial court fell within the range of punishment
established by law, and a penalty imposed within the range prescribed by the
legislature will not be disturbed on appeal.  
Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).  Because we determine that appellant=s plea standing alone is sufficient to support his revocation and that
the trial court did not abuse its discretion in assessing appellant=s punishment within the statutory guidelines, we overrule his sole
point.

 

 

 








Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

PER CURIAM

 

 

PANEL F:    LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT,
J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 27, 2005











[1]See Tex. R. App. P. 47.4.





[2]A
finding of a single violation of community supervision is sufficient to support
revocation.  Allbright, 13 S.W.3d
at 819.