NO. 07-07-0324-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



SEPTEMBER 28, 2007


 ______________________________



KANDY LYNN ANTRIKIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16518-C; HONORABLE ANA ESTEVEZ, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Kandy Lynn Antrikin, appeals from an adjudication of her guilt for the
offense of possession and transport of certain chemicals with intent to manufacture a
controlled substance. No certification of defendant's right to appeal has been executed by
the trial court regarding the adjudication. (1) By letter dated July 25, 2007, this court notified
appellant, her appellate counsel, and the trial court that no certification of defendant's right
of appeal had been filed. Further, this letter indicated that if certification was not filed
within 30 days of the letter, this court may dismiss the appeal.

 Texas Rule of Appellate Procedure 25.2(d) requires dismissal of an appeal from a
criminal conviction in the absence of a certification showing the defendant's right of appeal. 
As this court has not received such a certification, we dismiss the appeal.


 Mackey K. Hancock

 Justice





Do not publish. 


1. A certification of defendant's right of appeal indicating that appellant had no right
to appeal and had waived the same is included in the clerk's record. However, by the date
upon which this certification was signed, it could only apply to the order placing appellant
on deferred adjudication probation and not to the adjudication proceeding. See Tex. R.
App. P. 25.2 cmt. (Trial court shall certify defendant's right of appeal in every case in which
judgment or other appealable order is entered). 


e
{
 visibility: hidden;
 position: absolute;
 left: 10px;
 right: 10px;
 background-color: rgb(255, 255, 225);
 border-width: 1px;
 border-style: solid;
 border-color: black;
 margin-top: 25px;
 padding: 6px;
 line-height: normal
}

span.WPNormal
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NOS. 07-09-0071-CR, 07-09-0072-CR, 07-09-0073-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 26, 2009
______________________________

CAROLINA HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B 2831-0207, A 2871-0301, A 2872-0301; HONORABLE ED SELF, JUDGE
_______________________________


Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.



MEMORANDUM OPINION
          Appellant Carolina Herrera appeals three judgments revoking her community
supervision and sentencing her to ten years of imprisonment in the Institutional Division of
the Texas Department of Criminal Justice for the offenses of possession of a controlled
substance and intent to destroy evidence. Through one issue, appellant challenges the
sufficiency of the evidence to support the revocations. We will affirm the judgments.
 
Background
          Via two separately-filed indictments, one in July 2002 and one in January 2003,
appellant was charged with two separate instances of knowingly possessing, with intent
to deliver, a controlled substance, namely cocaine, in an amount of four grams or more but
less than 200 grams.


 By a separate January 2003 indictment, appellant was also charged
with “knowing that an offense had been committed, to wit: possession of a controlled
substance, intentionally or knowingly destroy evidence, to wit: cocaine, with intent to impair
its verity or availability as evidence in any subsequent investigation or official proceeding
related to the offense.”



          Appellant plead guilty to these offenses in November 2003. In exchange for
pleading guilty to each of the indicted offenses, appellant’s ten-year prison sentence was
suspended in favor of placement on community supervision for a period of ten years. On
January 15, 2009, the State filed a motion to revoke community supervision in each cause. 
An amended motion was filed the next day alleging that appellant violated the terms of her
community supervision by committing the criminal offense of knowingly possessing, with
intent to deliver, a controlled substance, namely methamphetamine and cocaine, in an
amount of four grams or more but less than 200 grams. The motion also alleged appellant
failed to pay a required supervision fee in December 2008 and January 2009 and failed to
report within 24 hours to her community supervision officer that she had been arrested on
January 8, 2009 for possession of a controlled substance. At a February 2009 hearing,
appellant plead “not true” to all three alleged violations. After the hearing, the trial court
found appellant had violated the terms of her community supervision and sentenced
appellant to confinement for a period of ten years in each of the three causes, to be served
concurrently. This appeal followed.
Analysis
          In appellant's sole issue, she contends the trial court abused its discretion in
revoking her community supervision because the cause for revocation was not established
by the evidence. We review an order revoking community supervision under an abuse of
discretion standard. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Crim.App.1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). In a revocation proceeding, the State
must prove by a preponderance of the evidence that the defendant is the same individual
who is named in the judgment and order of community supervision, and then must prove
that the defendant violated a term of community supervision in the motion to revoke. Cobb
v. State, 851 S.W.2d 871, 873-74 (Tex.Crim.App.1993). This standard is met when the
greater weight of the credible evidence creates a reasonable belief that the defendant
violated a condition of his or her community supervision as the State alleged. Martin v.
State, 623 S.W.2d 391, 393 n.5 (Tex.Crim.App. 1981) (panel op.); Allbright v. State, 13
S.W.3d 817, 819 (Tex.App.–Fort Worth 2000, pet. ref'd). Proof of one violation alone is
sufficient to support revocation. Cardona, 665 S.W.2d at 493.
          In a community supervision revocation hearing, the trial judge is the sole trier of fact
and determines the credibility of the witnesses and the weight to be given their testimony.
Allbright, 13 S.W.3d at 818-19. We review the evidence in the light most favorable to the
court's ruling.


 Cardona, 665 S.W.2d at 493; Allbright, 13 S.W.3d at 819.
          Appellant’s community supervision officer testified appellant committed another
offense against the State and “did not let [her] know within the specified time frame she
had committed an offense and been arrested. And also she is –was $80 delinquent on
that case.” On cross-examination, the officer admitted she knew appellant was arrested
on January 8, 2009 and she did not know if appellant would be allowed to call her within
that first 24 hours. She “assume[d] they would allow it.” She also admitted she was aware
appellant had not worked while she was on probation because of medical reasons. 
Instead, appellant’s family members had been paying her fees, at least until December
2008 and January 2009. The State's burden is to prove by a preponderance of the
evidence that appellant was able to pay and did not pay as ordered by the trial court. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp.2008); Hernandez v. State,
No. 05-08-00216-CR, 2009 WL 201201, *2 (Tex.App.–Dallas Jan. 29, 2009, no pet.)
(mem. op. not designated for publication). The trial court could have inferred from the
probation officer’s testimony that because appellant had paid her fees in the past through
resources provided by family members and no evidence showed those resources no longer
were available, she had the ability to pay but did not pay as ordered by the court. See Tex.
Code Crim. Proc. Ann. art. 42.037(h) (Vernon 2006).
          A police officer with the DEA Task Force also testified at the revocation hearing. He
testified that on January 8, 2009, he executed a search warrant at a Dimmitt, Texas
address. When he entered the residence to execute the search warrant, appellant, her
husband and two other individuals were present. Appellant was in the living room of the
home when officers entered. The officer testified that appellant lived in the house and
slept in her own bedroom there. In that bedroom, the officers found cocaine and some
crystal methamphetamine in a black fanny pack on the bed. The drugs were packaged
individually in Ziplock baggies, “packaged for sale.” Each baggie contained about half a
gram each of narcotics, for a total of between eight and nine gross grams of
methamphetamine and about 5.6 gross grams of cocaine. A field test was conducted on
the drugs. The drugs tested positive for methamphetamine and cocaine respectively.


 
Approximately $2000 cash was also found in the black fanny back. Narcotics were also
located in appellant’s husband’s end table drawer in the bedroom, in appellant’s husband’s
wallet, and in the freezer in the kitchen. By the conclusion of the search, officers located
about $12,000 cash, 11.8 gross grams of crystal methamphetamine, and 5.6 gross grams
of cocaine.
          Defense counsel cross-examined the two State’s witnesses. No defense witnesses
were presented and appellant did not testify.
          Appellant argues the State failed to satisfy its burden of proving she committed a
new possession offense because the State failed to link her to the controlled substances
that resulted in her January 8 arrest. To prove appellant violated her community
supervision by possessing, with intent to deliver, a controlled substance, the State had to
prove by a preponderance of the evidence that: 1) the accused exercised care, custody,
control or management over the contraband; 2) the accused knew the matter possessed
was contraband; and 3) the accused had the intent to distribute. See Martin v. State, 753
S.W.2d 384, 386 (Tex.Crim.App.1988); see also Tex. Penal Code Ann. § 1.07(a)(39)
(Vernon 2003); Tex. Health & Safety Code Ann. § 481.112(d)(Vernon 2003). Possession
need not be exclusive and evidence which shows that an accused jointly possessed the
contraband with another is sufficient. Whitworth v. State, 808 S.W.2d 566, 569
(Tex.App.–Austin 1991, pet. ref'd). 
          When an accused is not in exclusive possession and control of the place where the
contraband was found, it cannot be concluded or presumed that the accused had
knowledge of or control over the contraband unless there are additional independent facts
and circumstances connecting or linking the accused to the knowing possession of
contraband. Poindexter v. State, 153 S.W.3d 402, 406 (Tex.Crim.App.2005); Brown v.
State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995); Hargrove v. State, 211 S.W.3d 379,
385 (Tex.App.–San Antonio 2006, pet. ref'd). In determining the legal sufficiency of
evidence in a knowing possession of contraband case, there must be evidence of those
facts or circumstances to adequately justify the conclusion that the accused knowingly
possessed the contraband. Evans v. State, 202 S.W.3d 158, 162 n.9 (Tex.Crim.App.
2006); Washington v. State, 215 S.W.3d 551, 554-55 (Tex.App.–Texarkana 2007, no pet.).
Presence and proximity when combined with other evidence, direct or circumstantial, may
be sufficient to establish a knowing possession of contraband. Evans, 202 S.W.3d at 162;
Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex.App.–Corpus Christi 2002, no pet.). See
also Byard v. State, No. 07-07-0052-CR, 2009 WL 386945 (Tex.App.–Amarillo Feb. 13,
2009, no pet.) (mem. op., not designated for publication). 
          Reiterated, the burden of proof in a community supervision revocation is a
preponderance of the evidence. Moreno v. State, 22 S.W.3d 482, 488 (Tex.Crim.App.
1999). Revocation of community supervision does not require a conviction which
necessitates proof beyond a reasonable doubt. Instead, only a reasonable belief that
appellant committed the alleged offense is necessary. Id. We find that when the limited
record before us is viewed in the light most favorable to the court's ruling, the evidence
preponderates in favor of the State's position that appellant knowingly possessed the
drugs. First, appellant resided at the home where the contraband was discovered. 
Second, the bulk of the methamphetamine and cocaine was found in a black fanny pack
on the bed in the bedroom identified by a police officer as appellant’s bedroom. Third,
$2000 in cash was found in the same place. Fourth, additional drugs and cash were found
in common areas of the home, namely the kitchen. 
          The State also elicited testimony from the DEA Task Force officer that individually
wrapping methamphetamine and cocaine in half gram amounts is “packaged for sale.” 
See Jordan v. State, 139 S.W.3d 723, 726-27 (Tex.App.–Fort Worth 2004, no pet.)
(holding that intent to deliver may be inferred from the quantity of drugs possessed, the
manner in which they are packaged, and expert testimony indicating an intent to deliver). 
The bulk of the drugs, “around eight gross grams” of methamphetamine and “[f]ive point
six gross grams of cocaine[,]” were found in the black fanny pack located on the bed in
appellant’s bedroom. The officer also testified officers located $2,000 in the black fanny
pack on the bed in appellant’s bedroom and located a total of $12,000 during the search
of the house. The trial court could have inferred from this evidence that appellant had the
intent to distribute the narcotics, thereby finding the State proved, by a preponderance of
the evidence, that appellant committed the offense of knowingly possessing, with intent to
deliver, a controlled substance, namely methamphetamine and cocaine, in an amount of
four grams or more but less than 200 grams.
          The State presented evidence of three violations of the terms of community
supervision. As noted, proof of one violation alone is sufficient to support revocation.
Cardona, 665 S.W.2d at 493. The trial court did not abuse its discretion in revoking
appellant's community supervision. Id. See also Weavers v. State, No. 07-06-0260-CR,
2007 WL 2891068 (Tex.App.–Amarillo October 4, 2007, no pet.) (mem. op., not designated
for publication). See also Cherry, 215 S.W.3d at 919 (probation officer's testimony was
sufficient evidence on which to find a violation of a term of appellant's community
supervision). We overrule appellant’s sole issue and affirm the trial court’s judgments
revoking community supervision.
 
                                                                           James T. Campbell

                                                                                     Justice













Do not publish.