# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00597-CR

**Raymundo Lozano, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. D-1-DC-05-301490, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Raymundo Lozano challenges the revocation of his deferred adjudication community supervision. He admits violating many of the conditions of his community supervision as alleged, but contends that the trial court erred by not examining his competence and by ignoring his explanations for his violations of the conditions. We affirm.

In May 2006, Lozano pleaded guilty to aggravated assault with a deadly weapon. The court deferred adjudication of guilt and, in June 2006, placed Lozano on community supervision. In May 2007, the State moved to proceed with an adjudication of guilt. The State alleged and the trial court found that Lozano violated several conditions of his supervision, including the following failures: (1) to avoid the use of all narcotics, habit forming drugs, and controlled substances (testing positive for cocaine on September 8, 2006); (2) to report to the community supervision office monthly (June 2006, August-September 2006, November 2006-May 2007);

(3) to do suitable work, if possible; (4) to obtain permission before changing his residence; (5) to remain within Travis County unless granted permission to leave; (6) to pay court costs (delinquent $50); (7) to pay a $60 monthly supervision fee (delinquent $660); (8) to pay $25 monthly in restitution (delinquent $275); (9) to report for a family violence assessment; (10) to complete licensed intensive outpatient treatment; and (11) to attend Alcoholics Anonymous (or similar) meetings three times per week and provide documentation to his community supervision officer. The court revoked Lozano's community supervision, adjudicated him guilty, and imposed a sentence of eight years in prison.

Appellate courts can reverse only for abuses of discretion when reviewing trial courts' decisions not to examine defendants for competence and to revoke terms of deferred adjudication community supervision. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999) (competency); *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984) (revocation). An abuse of discretion occurs when the trial court's decision was so wrong that it falls outside the zone within which reasonable persons might disagree. *See Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

Lozano contends that the court erred by failing to examine his competence to participate in his adjudication hearing. A trial court must examine the defendant's competence if the evidence indicates that the defendant lacks the ability to consult with counsel or to comprehend the proceedings factually and rationally. *McDaniel v. State*, 98 S.W.3d 704, 712-13 (Tex. Crim. App. 2003). The evidence need only trigger a bona fide doubt in the trial judge's mind regarding competence, and does not have to be sufficient to support a finding of incompetence.

2

*Fuller v. State*, 253 S.W.3d 220, 228 (Tex. Crim. App. 2008). If such evidence comes to the court's attention, the court must *sua sponte* informally determine whether the defendant is competent before proceeding to determine the motion to revoke. *Id*.; *see also Durgan v. State*, 240 S.W.3d 875, 878 (Tex. Crim. App. 2007). Evidence sufficient to create the necessary doubt includes evidence showing recent severe mental illness, moderate retardation, or truly bizarre acts by the defendant. *Fuller*, 253 S.W.3d at 228. Lozano contends that he showed the requisite incapacity by attempting suicide while on probation and by giving confused answers during the hearing. There was no evidence that the suicide attempt occurred any time near the revocation hearing and, thus, the attempt does not create any doubt regarding his ability to communicate with his lawyer or understand the proceedings. He does not cite any particular passages in the record showing confusion, and his testimony in the hearing is coherent and responsive. Our review of the record does not reveal behavior or responses that trigger doubts about his competence to participate meaningfully in the proceeding. The trial court did not abuse its discretion by not conducting a competency hearing.

Lozano contends that the trial court abused its discretion by revoking his community supervision. The State must prove its allegations of violations by a preponderance of the evidence. *Cardona*, 665 S.W.2d at 493. We review the evidence in the light most favorable to the trial court's ruling. *Id*.; *Allbright v. State*, 13 S.W.3d 817, 818-819 (Tex. App.—Fort Worth 2000, pet. ref'd). In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Allbright*, 13 S.W.3d at 819. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*,

3

665 S.W.2d at 493-94. Lozano admits many of the violations occurred, but he argues that they were due to his unemployment. He testified that he left the county to live with his family in Dimmitt County because he had no job and no home, which in turn contributed to his missing meetings with his community supervision officer. According to Lozano, the lack of income caused his delinquency in making various required payments. He testified that he did not participate in the Cornerstone treatment program because Cornerstone had no openings for him. He testified that he attended Alcoholics Anonymous meetings, failing only to obtain and supply written proof that he did so. Even if we disregard all of the findings that Lozano seeks to explain away, his positive test for cocaine on September 8, 2006, is sufficient to support the revocation of probation, as are his failures to participate in a family violence assessment and to provide documentation of his attendance at AA meetings. Moreover, the trial court was not required to believe or accept his excuses for his failures to comply with other supervision conditions. More than a preponderance of evidence supports more than one of the alleged violations. The trial court did not abuse its discretion by revoking Lozano's community supervision and proceeding to adjudicate his guilt.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: August 14, 2008

Do Not Publish

4