

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-017-CR

ROY STANLEY SPINDOR                                          APPELLANT

V.

                                                                    STATE

THE STATE OF TEXAS

------------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two points, Appellant Roy Stanley Spindor appeals his sentence of eight years' confinement, contesting the revocation of his community supervision on a Driving While Intoxicated (DWI)-Subsequent Offense case. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

As part of a DWI plea agreement entered into in March 1999, Spindor was placed on ten years' community supervision. The trial court ordered Spindor to comply with the following conditions: commit no offense against federal or state laws, abstain from the use of alcohol, and drive only vehicles equipped with an ignition interlock device.

In December 2005, the State filed a motion to revoke Spindor's community supervision, alleging that Spindor had violated the terms and conditions of his community supervision. Specifically, the State listed the following violations resulting from a traffic stop: failure to abstain from the use of alcohol, DWI, and failure to drive a vehicle equipped with an ignition interlock device. At the hearing, officers that were present at the traffic stop testified that Spindor's vehicle did not have an ignition interlock device. The trial court found that Spindor had violated the terms and conditions of his community supervision by drinking alcohol, DWI, and driving a vehicle not equipped with an ignition interlock device. Consequently, the trial court revoked his community supervision and sentenced him to eight years' confinement. This appeal followed.

### III. Revocation of Community Supervision

### A. Standard of Review

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd). Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

### B. Analysis

In his first point, Spindor complains that the trial court erred by admitting into evidence statements made by him to his community supervision officer while in custody regarding Spindor's alcohol consumption. In his second point, Spindor argues that the trial court abused its discretion by denying his oral request for a continuance to secure expert testimony regarding Spindor's intoxication level. Because proof of only one violation is sufficient to support a revocation order and because neither of Spindor's points challenges, directly or indirectly, the trial court's finding with regard to the ignition interlock device violation, we overrule both points and affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 2, 2008

4