COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-017-CR

 

 

ROY STANLEY SPINDOR                                                       APPELLANT

 

                                                      V.

 

                                                                                                 STATE

THE STATE OF TEXAS

 

                                                  ------------

 

               FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

I. 
Introduction

In two points, Appellant Roy Stanley Spindor
appeals his sentence of eight years=
confinement, contesting the revocation of his community supervision on a
Driving While Intoxicated (DWI)-Subsequent Offense case.  We affirm.








II. 
Factual and Procedural Background

As part of a DWI plea agreement entered into in
March 1999, Spindor was placed on ten years=
community supervision.  The trial court
ordered Spindor to comply with the following conditions: commit no offense
against federal or state laws, abstain from the use of alcohol, and drive only
vehicles equipped with an ignition interlock device. 

In December 2005, the State filed a motion to
revoke Spindor=s community supervision,
alleging that Spindor had violated the terms and conditions of his community
supervision.  Specifically, the State
listed the following violations resulting from a traffic stop: failure to
abstain from the use of alcohol, DWI, and failure to drive a vehicle equipped
with an ignition interlock device.  At
the hearing, officers that were present at the traffic stop testified that
Spindor=s
vehicle did not have an ignition interlock device.  The trial court found that Spindor had
violated the terms and conditions of his community supervision by drinking
alcohol, DWI, and driving a vehicle not equipped with an ignition interlock
device.  Consequently, the trial court
revoked his community supervision and sentenced him to eight years=
confinement.  This appeal followed. 

 

 








III. 
Revocation of Community Supervision

A.  Standard of Review

We review an order revoking community supervision
under an abuse of discretion standard. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);  Jackson v. State, 645 S.W.2d 303, 305
(Tex. Crim. App. 1983).  In a revocation
proceeding, the State must prove by a preponderance of the evidence that the
defendant violated the terms and conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).  The trial court
is the sole judge of the credibility of the witnesses and the weight to be
given their testimony, and we review the evidence in the light most favorable
to the trial court=s ruling.  Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981);  Allbright v. State, 13 S.W.3d 817, 819
(Tex. App.CFort Worth 2000, pet. ref=d).  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community
supervision is sufficient to support a revocation order.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980);  Sanchez v. State, 603 S.W.2d 869, 871
(Tex. Crim. App. [Panel Op.] 1980). 

B.  Analysis








In his first point, Spindor complains that the
trial court erred by admitting into evidence statements made by him to his
community supervision officer while in custody regarding Spindor=s
alcohol consumption.  In his second
point, Spindor argues that the trial court abused its discretion by denying his
oral request for a continuance to secure expert testimony regarding Spindor=s
intoxication level.  Because proof of
only one violation is sufficient to support a revocation order and because
neither of Spindor=s points challenges, directly or
indirectly, the trial court=s
finding with regard to the ignition interlock device violation, we overrule
both points and affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

 

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

 

DO NOT
PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: October
2, 2008











[1]See Tex. R. App. P. 47.4.