

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-450-CR**

HOMER C. CARR, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After pleading true to having violated two conditions of his community supervision as alleged in the State's Motion to Revoke Community Supervision, appellant Homer C. Carr, Jr. claims the evidence is factually insufficient to support the trial court's revocation of his community supervision. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In June 2005, as part of an open plea, appellant was placed on ten years' community supervision for the offense of intoxication assault. Two conditions of appellant's community supervision were that he commit no new offense and that he not leave Tarrant County without the permission of the trial court or his community supervision officer. In November 2007, appellant pleaded true to having violated these conditions. The trial court revoked appellant's community supervision and sentenced him to nine years' confinement.

On appeal, appellant claims the evidence is factually insufficient to support his revocation. Factual sufficiency review, however, does not apply to revocation proceedings.[2] Orders revoking community supervision are reviewed under an abuse of discretion standard.[3] Under this standard, proof by a preponderance of the evidence of any *one* of the alleged violations of community supervision is sufficient to support a revocation order.[4] A plea of true, standing alone, is sufficient to support the trial court's revocation order.[5]

---

[2]*Allbright v. State*, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref'd).

[3]*Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

[4]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

[5]*Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Appellant pleaded true to two of the allegations in the State's Petition to Revoke Probated Sentence. The trial court did not abuse its discretion in revoking appellant's community supervision based on this plea. We, therefore, overrule appellant's sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 2, 2008

3