COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-450-CR

 

 

HOMER C. CARR, JR.                                                           APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

After pleading true to having
violated two conditions of his community supervision as alleged in the State=s Motion to Revoke Community Supervision, appellant Homer C. Carr, Jr.
claims the evidence is factually insufficient to support the trial court=s revocation of his community supervision.  We affirm.








In June 2005, as part of an
open plea, appellant was placed on ten years= community supervision for the offense of intoxication assault.  Two conditions of appellant=s community supervision were that he commit no new offense and that he
not leave Tarrant County without the permission of the trial court or his
community supervision officer.  In
November 2007, appellant pleaded true to having violated these conditions.  The trial court revoked appellant=s community supervision and sentenced him to nine years= confinement.

On appeal, appellant claims
the evidence is factually insufficient to support his revocation.  Factual sufficiency review, however,  does not apply to revocation proceedings.[2]  Orders revoking community supervision are
reviewed under an abuse of discretion standard.[3]  Under this standard, proof by a preponderance
of the evidence of any one of the alleged violations of community
supervision is sufficient to support a revocation order.[4]  A plea of true, standing alone, is sufficient
to support the trial court=s revocation order.[5]









Appellant pleaded true to two
of the allegations in the State=s Petition to Revoke Probated Sentence.  The trial court did not abuse its discretion
in revoking appellant=s community
supervision based on this plea.  We,
therefore, overrule appellant=s sole issue and affirm the trial court=s judgment.

 

PER CURIAM

 

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH 

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 2, 2008











[1]See Tex.
R. App. P. 47.4.





[2]Allbright
v. State, 13 S.W.3d 817, 818 (Tex. App.CFort
Worth 2000, pet. ref=d).





[3]Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).





[4]Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel
Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App.
[Panel Op.] 1980).





[5]Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel
Op.] 1979).