COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT WORTH

 

 

                                           NO.
2-08-011-CR

 

 

JEFFERY GLENDON MARTIN                                                 APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

               FROM THE 97TH DISTRICT COURT OF ARCHER COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Appellant Jeffery Glendon Martin was placed on
deferred adjudication community supervision after pleading guilty to a charge
of possession of a controlled substance. 
He now appeals from the trial court=s
revocation of community supervision based on its finding that he had possessed
a controlled substance in violation of the terms of his community supervision.








At the hearing on the State=s motion
to proceed to adjudication, the State called Jimmy Hickey, a narcotics
investigator for the North Texas Regional Drug Enforcement Task Force.  Hickey testified that on May 23, 2005,
members of the Task Force responded to a mobile home fire at 1099 Miller Shores Road in a rural area
of Clay County. 
When Hickey arrived at the scene, Appellant was in the custody of a Clay County
deputy.  Hickey was shown an open storage
shed approximately fifty feet from the fire. 
He testified that from his vantage point outside the shed, he could see
propane tanks that appeared to have valves with a blue-greenish tint, an
indication that the tanks had held or had been exposed to anhydrous ammonia, a
component used in the manufacture of methamphetamine.  He also saw punched and empty starter fluid
cans; he testified that starter fluid was a Aprecursor
to the manufacture of methamphetamine.@

Based on these observations, Hickey prepared an
affidavit in support of a search warrant. 
After a magistrate arrived on the scene to sign the search warrant,
Hickey led a search of the storage shed. 
Officers found a white bucket inside the shed and an orange cooler under
a canopy attached to the shed.  Both
contained an off-white powder that was later determined by the Texas Department
of Public Safety laboratory to be methamphetamine.








The State also called Jane Ham, Archer County
District Clerk, who testified that she was present on January 3, 2005, when
Appellant entered a plea of guilty to the offense of possession of a controlled
substance.  By pointing to Appellant, she
identified him as the same person who entered the plea of guilty and who was
placed on deferred adjudication community supervision.

The State also called Ralph Adams, who testified
that he was Appellant=s neighbor and that his mobile
home was about 150B200 feet from Appellant=s mobile
home.  Adams
said that Appellant had occupied the residence for Aa year
or better@ and that during that time
Appellant had full access to the home and surrounding buildings.  Adams
further testified that he had been standing in his yard when he saw the fire
start, and he saw Appellant come out of the mobile home after the fire had
started.  Adams
watched Appellant leave in his car and return after a short while.

Appellant=s
father, Jim Martin, testified that his grandson, Jason Martin, was sometimes on
the property where the fire occurred and that he believed Jason to be a person
who would steal anhydrous ammonia. 
Appellant=s father stated that he believed
his grandson was in custody in Florida and had
been for about a year before Appellant=s
adjudication hearing but also stated that he believed that Jason was in Texas when the fire
occurred.








In his sole point, Appellant contends that the
trial court abused its discretion by revoking his community supervision because
the evidence of the methamphetamine possession is legally insufficient to
support the trial court=s finding that Appellant
violated the conditions of his community supervision.  Specifically, Appellant argues that the evidence
is legally insufficient to show that he actually exercised care, custody, and
control over the contraband.[2]








We review an order revoking community supervision
under an abuse of discretion standard.[3]  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision.[4]  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s
ruling.[5]  If the State fails to meet its burden of
proof, the trial court abuses its discretion in revoking the community supervision.[6]

As the Texas Court of Criminal Appeals has held,

[I]n a possession of a controlled substance
prosecution, the State must prove that: 
(1) the accused exercised control, management, or care over the
substance; and (2) the accused knew the matter possessed was contraband.  Regardless of whether the evidence is direct
or circumstantial, [the State] must establish that the defendant=s
connection with the drug was more than fortuitous.  This is the so‑called Aaffirmative
links@ rule
that protects the innocent bystanderCa
relative, friend, or even stranger to the actual possessorCfrom
conviction merely because of his fortuitous proximity to someone else=s
drugs.  Mere presence at the location
where drugs are found is thus insufficient, by itself, to establish actual
care, custody, or control of those drugs. 
However, presence or proximity, when combined with other evidence,
either direct or circumstantial (e.g., Alinks@), may
well be sufficient to establish that element beyond a reasonable doubt.  It is . . . not the number of links that is
dispositive, but rather the logical force of all of the evidence, direct and
circumstantial.[7]








The trial court heard evidence that Appellant
lived on the premises in question when the methamphetamine was discovered and
that no one else lived on the property at that time, although Appellant=s son
may have had access during that time. 
There was no evidence that anyone else lived on the property.  The contraband was in open view in a shed or
under the canopy attached to the shed, and there was no apparent effort to hide
it.  In addition to the contraband, the
shed also contained evidence of the manufacture of methamphetamine, including
anhydrous ammonia storage tanks, lithium strips, punctured ether cans, filters,
salt, camp fuel, and starting fluid.

Based on the evidence, we hold that the State
sufficiently linked Appellant to the contraband, that the State met its burden
of proving by a preponderance of the evidence that he had violated a condition
of his community supervision, and that the trial court therefore did not abuse
its discretion by revoking his community supervision.[8]  We overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 11, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).





[3]Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).





[4]Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993).





[5]Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.CFort Worth 2000, pet. ref=d).





[6]Cardona, 665 S.W.2d at 493B94.





[7]Evans v. State, 202 S.W.3d 158, 161B62 (Tex. Crim. App. 2006)
(citations and internal quotations omitted).





[8]See Evans, 202 S.W.3d
at 161B62; Cobb, 851
S.W.2d at 873.