02-10-180-CR















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00180-CR

 

 


 
 
 ERIC ANTOINE HENDERSON
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL
 DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I. 
Introduction

          In two issues, Appellant Eric Antoine
Henderson appeals the revocation of his deferred adjudication community
supervision and his sentence of nine years’ confinement.  We affirm.

II.  Factual and Procedural History

          Henderson was indicted for indecency
with a child, and the trial court placed him on deferred adjudication community
supervision for five years and imposed a $500 fine.  After the State filed a petition to proceed to
adjudication and Henderson entered pleas of true to all six of the State’s
allegations, the trial court ordered a presentence investigation report, found
Henderson guilty of the original second-degree felony charge, and sentenced him
to nine years’ confinement.  This appeal
followed.

III.  Discussion

          In his first issue, Henderson
complains that the trial court abused its discretion by revoking his deferred
adjudication community supervision.  See Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

In a
revocation proceeding, the State must prove by a preponderance of the evidence
that the defendant is the same individual who is named in the judgment and
order of community supervision and then must prove that the defendant violated
a term of community supervision as alleged in the motion to revoke.  Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  A finding of a single violation of community
supervision is sufficient to support revocation.  Allbright v. State, 13 S.W.3d 817,
819 (Tex. App.—Fort Worth 2000, pet. ref’d).  And a plea of true, standing alone, is
sufficient to support the revocation.  Cole v. State, 578 S.W.2d
127, 128 (Tex. Crim. App. 1979).  Henderson
pleaded true to all six of the State’s allegations and gave additional testimony
about these violations; therefore, the trial court did not abuse its discretion
by revoking his community supervision.  We
overrule Henderson’s first issue.

In his
second issue, Henderson contends that the trial court erred by sentencing him
to nine years’ confinement because he was clinically depressed and hearing
voices, arguing that sentencing a mentally ill defendant to nine years’
confinement amounts to cruel and unusual punishment, that the punishment is
disproportionate, and that it violates the Eighth Amendment of the United
States Constitution and article 1, section 13 of the Texas constitution.  But Henderson did not raise these complaints
about punishment at the time it was imposed or in a motion for new trial.  Therefore, he has preserved nothing for our
review.  See Tex. R. App. P. 33.1; Kim
v. State, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d).  We overrule
Henderson’s second issue.

IV.  Conclusion

          Having overruled both of Henderson’s
issues, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

 

PANEL:  
 
 
 
 
 
 
 MCCOY, 
 
 
 
 
 
 WALKER, and 
 
 
 
 
 
 MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 17, 2011











[1]See Tex. R. App. P. 47.4.