

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00180-CR

ERIC ANTOINE
HENDERSON

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In two issues, Appellant Eric Antoine Henderson appeals the revocation of his deferred adjudication community supervision and his sentence of nine years' confinement. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II.  Factual and Procedural History

Henderson was indicted for indecency with a child, and the trial court placed him on deferred adjudication community supervision for five years and imposed a $500 fine.  After the State filed a petition to proceed to adjudication and Henderson entered pleas of true to all six of the State's allegations, the trial court ordered a presentence investigation report, found Henderson guilty of the original second-degree felony charge, and sentenced him to nine years' confinement.  This appeal followed.

## III.  Discussion

In his first issue, Henderson complains that the trial court abused its discretion by revoking his deferred adjudication community supervision.  *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of community supervision and then must prove that the defendant violated a term of community supervision as alleged in the motion to revoke.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  A finding of a single violation of community supervision is sufficient to support revocation. *Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd).  And a plea of true, standing alone, is sufficient to support the revocation.  *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).  Henderson pleaded true to all six of the State's allegations and gave additional testimony about these

violations; therefore, the trial court did not abuse its discretion by revoking his community supervision. We overrule Henderson's first issue.

In his second issue, Henderson contends that the trial court erred by sentencing him to nine years' confinement because he was clinically depressed and hearing voices, arguing that sentencing a mentally ill defendant to nine years' confinement amounts to cruel and unusual punishment, that the punishment is disproportionate, and that it violates the Eighth Amendment of the United States Constitution and article 1, section 13 of the Texas constitution. But Henderson did not raise these complaints about punishment at the time it was imposed or in a motion for new trial. Therefore, he has preserved nothing for our review. *See* Tex. R. App. P. 33.1; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). We overrule Henderson's second issue.

## IV. Conclusion

Having overruled both of Henderson's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 17, 2011

3