COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| ROBERT EARL RAYMOND, | § | No. 08-13-00106-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 3 |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1096584D) |
| | § | |

## **O P I N I O N**

Robert Earl Raymond appeals the trial court's judgment revoking his deferred adjudication community supervision and sentencing him to 6 years' imprisonment.   In a single issue, Raymond challenges the sufficiency of the evidence.   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

After pleading guilty to the charged offense of burglary of a habitation, Raymond was placed on deferred adjudication community supervision for 10 years.   As part of his community supervision, Raymond was required to "[r]emain within Tarrant County, Texas, unless the court or supervision officer authorize[d] [him] to leave."   Alleging Raymond traveled "to the State of Illinois[,] . . . to the State of Colorado[,] . . . [and] to the County of Wise in the State of Texas, without authorization from Tarrant County CSCD[,]" the State moved to adjudicate.   Raymond

entered a plea of not true.

At the hearing on the motion to adjudicate, the State presented the testimony of several witnesses, including William Aaron Wallace, a DPS trooper, and Cleveland Benson, Raymond's supervision officer. Trooper Wallace testified he arrested Raymond in Wise County for outstanding traffic warrants following a traffic stop. Benson testified Raymond failed to obtain permits to travel to Illinois, Colorado, and Wise County and admitted to traveling to Illinois. After considering the evidence and the parties' arguments, the trial court found true the allegation that Raymond traveled to Illinois and Wise County without permission.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Raymond challenges the sufficiency of the evidence to revoke his community supervision. Raymond does not dispute "there is record evidence" he left Tarrant County without permission from the supervision office. He does, however, assert the State adduced no evidence he did not have the trial court's permission to leave Tarrant. Raymond is mistaken. The State was not required to prove Raymond left Tarrant County without obtaining permission from the trial court to revoke his community supervision.

In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of probation, and then must prove that the defendant violated a term of probation *as alleged in the motion to revoke*. *Cobb v. State*, 851 S.W.2d 871, 873-74 (Tex.Crim.App. 1993)[Emphasis added]. Here, the State alleged Raymond violated his community supervision by leaving Tarrant County on three separation occasions "without authorization from Tarrant County CSCD." The State never alleged Raymond violated his community supervision by leaving Tarrant County without

2

obtaining the trial court's permission. Accordingly, the State was required to prove only that Raymond left Tarrant County "without authorization from Tarrant County CSCD."

The State met its burden. When given the appropriate deference and viewed in the light most favorable to the trial court's ruling, the testimony of Trooper Wallace and Benson establishes by a preponderance of the evidence that Raymond traveled to Illinois and Wise County "without authorization from Tarrant County CSCD." *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)(evidence is viewed in the light most favorable to the trial court's order revoking community supervision); *Allbright v. State*, 13 S.W.3d 817, 818-19 (Tex.App.--Fort Worth 2000, pet. ref'd)(in a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony). Consequently, the trial court did not abuse its discretion by granting the State's motion to revoke Raymond's community supervision. *See Cardona*, 665 S.W.2d at 493 (trial court's order revoking community supervision is reviewed for abuse of discretion).

Raymond's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


June 25, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)