NOS. 07-09-0071-CR, 07-09-0072-CR, 07-09-0073-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 26, 2009
_____

CAROLINA HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B 2831-0207, A 2871-0301, A 2872-0301; HONORABLE ED SELF, JUDGE
_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Carolina Herrera appeals three judgments revoking her community supervision and sentencing her to ten years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice for the offenses of possession of a controlled substance and intent to destroy evidence. Through one issue, appellant challenges the sufficiency of the evidence to support the revocations. We will affirm the judgments.

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Background

Via two separately-filed indictments, one in July 2002 and one in January 2003, appellant was charged with two separate instances of knowingly possessing, with intent to deliver, a controlled substance, namely cocaine, in an amount of four grams or more but less than 200 grams.[2] By a separate January 2003 indictment, appellant was also charged with "knowing that an offense had been committed, to wit: possession of a controlled substance, intentionally or knowingly destroy evidence, to wit: cocaine, with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense."[3]

Appellant plead guilty to these offenses in November 2003. In exchange for pleading guilty to each of the indicted offenses, appellant's ten-year prison sentence was suspended in favor of placement on community supervision for a period of ten years. On January 15, 2009, the State filed a motion to revoke community supervision in each cause. An amended motion was filed the next day alleging that appellant violated the terms of her community supervision by committing the criminal offense of knowingly possessing, with intent to deliver, a controlled substance, namely methamphetamine and cocaine, in an

[2] *See* Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003). This is a second degree felony punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

[3] *See* Tex. Penal Code Ann. § 37.09 (Vernon Supp. 2007). This is a third degree felony punishable by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (Vernon 2003).

amount of four grams or more but less than 200 grams. The motion also alleged appellant failed to pay a required supervision fee in December 2008 and January 2009 and failed to report within 24 hours to her community supervision officer that she had been arrested on January 8, 2009 for possession of a controlled substance. At a February 2009 hearing, appellant plead "not true" to all three alleged violations. After the hearing, the trial court found appellant had violated the terms of her community supervision and sentenced appellant to confinement for a period of ten years in each of the three causes, to be served concurrently. This appeal followed.

## Analysis

In appellant's sole issue, she contends the trial court abused its discretion in revoking her community supervision because the cause for revocation was not established by the evidence. We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of community supervision, and then must prove that the defendant violated a term of community supervision in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873-74 (Tex.Crim.App.1993). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his or her community supervision as the State alleged. *Martin v. State,* 623 S.W.2d 391, 393 n.5 (Tex.Crim.App. 1981) (panel op.); *Allbright v. State*, 13

3

S.W.3d 817, 819 (Tex.App.–Fort Worth 2000, pet. ref'd). Proof of one violation alone is sufficient to support revocation. *Cardona,* 665 S.W.2d at 493.

In a community supervision revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Allbright*, 13 S.W.3d at 818-19. We review the evidence in the light most favorable to the court's ruling.[4] *Cardona,* 665 S.W.2d at 493; *Allbright,* 13 S.W.3d at 819.

Appellant's community supervision officer testified appellant committed another offense against the State and "did not let [her] know within the specified time frame she had committed an offense and been arrested. And also she is –was $80 delinquent on that case." On cross-examination, the officer admitted she knew appellant was arrested on January 8, 2009 and she did not know if appellant would be allowed to call her within that first 24 hours. She "assume[d] they would allow it." She also admitted she was aware appellant had not worked while she was on probation because of medical reasons. Instead, appellant's family members had been paying her fees, at least until December 2008 and January 2009. The State's burden is to prove by a preponderance of the evidence that appellant was able to pay and did not pay as ordered by the trial court. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp.2008); *Hernandez v. State,* No. 05-08-00216-CR, 2009 WL 201201, *2 (Tex.App.–Dallas Jan. 29, 2009, no pet.) (mem. op. not designated for publication). The trial court could have inferred from the

---

[4] A factual sufficiency review is inapplicable to revocation proceedings. *Allbright,* 13 S.W.3d at 818. *See also Cherry v. State*, 215 S.W.3d 917, 919 (Tex.App.–Fort Worth 2007, pet. ref'd) (collecting cases).

probation officer's testimony that because appellant had paid her fees in the past through resources provided by family members and no evidence showed those resources no longer were available, she had the ability to pay but did not pay as ordered by the court. *See* Tex. Code Crim. Proc. Ann. art. 42.037(h) (Vernon 2006).

A police officer with the DEA Task Force also testified at the revocation hearing. He testified that on January 8, 2009, he executed a search warrant at a Dimmitt, Texas address. When he entered the residence to execute the search warrant, appellant, her husband and two other individuals were present. Appellant was in the living room of the home when officers entered. The officer testified that appellant lived in the house and slept in her own bedroom there. In that bedroom, the officers found cocaine and some crystal methamphetamine in a black fanny pack on the bed. The drugs were packaged individually in Ziplock baggies, "packaged for sale." Each baggie contained about half a gram each of narcotics, for a total of between eight and nine gross grams of methamphetamine and about 5.6 gross grams of cocaine. A field test was conducted on the drugs. The drugs tested positive for methamphetamine and cocaine respectively.[5] Approximately $2000 cash was also found in the black fanny back. Narcotics were also located in appellant's husband's end table drawer in the bedroom, in appellant's husband's wallet, and in the freezer in the kitchen. By the conclusion of the search, officers located

---

[5] At the time of the revocation hearing, the laboratory test on the substances was not yet available. However, the officer testified that in his experience, the field tests used are accurate. He also told the court that in the thousands of times he has field tested methamphetamine, he has never gotten a "false positive."

about $12,000 cash, 11.8 gross grams of crystal methamphetamine, and 5.6 gross grams of cocaine.

Defense counsel cross-examined the two State's witnesses. No defense witnesses were presented and appellant did not testify.

Appellant argues the State failed to satisfy its burden of proving she committed a new possession offense because the State failed to link her to the controlled substances that resulted in her January 8 arrest. To prove appellant violated her community supervision by possessing, with intent to deliver, a controlled substance, the State had to prove by a preponderance of the evidence that: 1) the accused exercised care, custody, control or management over the contraband; 2) the accused knew the matter possessed was contraband; and 3) the accused had the intent to distribute. *See Martin v. State*, 753 S.W.2d 384, 386 (Tex.Crim.App.1988); *see also* Tex. Penal Code Ann. § 1.07(a)(39) (Vernon 2003); Tex. Health & Safety Code Ann. § 481.112(d)(Vernon 2003). Possession need not be exclusive and evidence which shows that an accused jointly possessed the contraband with another is sufficient. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex.App.–Austin 1991, pet. ref'd).

When an accused is not in exclusive possession and control of the place where the contraband was found, it cannot be concluded or presumed that the accused had knowledge of or control over the contraband unless there are additional independent facts and circumstances connecting or linking the accused to the knowing possession of contraband. *Poindexter v. State,* 153 S.W.3d 402, 406 (Tex.Crim.App.2005); *Brown v.*

6

*State,* 911 S.W.2d 744, 747 (Tex.Crim.App. 1995); *Hargrove v. State*, 211 S.W.3d 379, 385 (Tex.App.–San Antonio 2006, pet. ref'd). In determining the legal sufficiency of evidence in a knowing possession of contraband case, there must be evidence of those facts or circumstances to adequately justify the conclusion that the accused knowingly possessed the contraband. *Evans v. State*, 202 S.W.3d 158, 162 n.9 (Tex.Crim.App. 2006); *Washington v. State*, 215 S.W.3d 551, 554-55 (Tex.App.–Texarkana 2007, no pet.). Presence and proximity when combined with other evidence, direct or circumstantial, may be sufficient to establish a knowing possession of contraband. *Evans*, 202 S.W.3d at 162; *Lassaint v. State,* 79 S.W.3d 736, 740-41 (Tex.App.–Corpus Christi 2002, no pet.). *See also Byard v. State,* No. 07-07-0052-CR, 2009 WL 386945 (Tex.App.–Amarillo Feb. 13, 2009, no pet.) (mem. op., not designated for publication).

Reiterated, the burden of proof in a community supervision revocation is a preponderance of the evidence. *Moreno v. State,* 22 S.W.3d 482, 488 (Tex.Crim.App. 1999). Revocation of community supervision does not require a conviction which necessitates proof beyond a reasonable doubt. Instead, only a reasonable belief that appellant committed the alleged offense is necessary. *Id.* We find that when the limited record before us is viewed in the light most favorable to the court's ruling, the evidence preponderates in favor of the State's position that appellant knowingly possessed the drugs. First, appellant resided at the home where the contraband was discovered. Second, the bulk of the methamphetamine and cocaine was found in a black fanny pack on the bed in the bedroom identified by a police officer as appellant's bedroom. Third,

$2000 in cash was found in the same place. Fourth, additional drugs and cash were found in common areas of the home, namely the kitchen.

The State also elicited testimony from the DEA Task Force officer that individually wrapping methamphetamine and cocaine in half gram amounts is "packaged for sale." *See Jordan v. State*, 139 S.W.3d 723, 726-27 (Tex.App.–Fort Worth 2004, no pet.) (holding that intent to deliver may be inferred from the quantity of drugs possessed, the manner in which they are packaged, and expert testimony indicating an intent to deliver). The bulk of the drugs, "around eight gross grams" of methamphetamine and "[f]ive point six gross grams of cocaine[,]" were found in the black fanny pack located on the bed in appellant's bedroom. The officer also testified officers located $2,000 in the black fanny pack on the bed in appellant's bedroom and located a total of $12,000 during the search of the house. The trial court could have inferred from this evidence that appellant had the intent to distribute the narcotics, thereby finding the State proved, by a preponderance of the evidence, that appellant committed the offense of knowingly possessing, with intent to deliver, a controlled substance, namely methamphetamine and cocaine, in an amount of four grams or more but less than 200 grams.

The State presented evidence of three violations of the terms of community supervision. As noted, proof of one violation alone is sufficient to support revocation. *Cardona,* 665 S.W.2d at 493. The trial court did not abuse its discretion in revoking appellant's community supervision. *Id. See also Weavers v. State,* No. 07-06-0260-CR, 2007 WL 2891068 (Tex.App.–Amarillo October 4, 2007, no pet.) (mem. op., not designated for publication). *See also Cherry*, 215 S.W.3d at 919 (probation officer's testimony was

8

sufficient evidence on which to find a violation of a term of appellant's community supervision).  We overrule appellant's sole issue and affirm the trial court's judgments revoking community supervision.


                                        James T. Campbell
                                             Justice




Do not publish.