NO. 07-09-00203-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 30, 2011

XAN ROSS ORMON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,237-B; HONORABLE JOHN B. BOARD, JUDGE

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

The trial court adjudicated appellant Xan Ross Ormon guilty of burglary of a habitation, revoked his order of community supervision, and sentenced him to four years confinement in prison. He appeals. We will affirm.

Background

In October 2003, appellant plead guilty to an indicted charge of burglary of a habitation. The court deferred adjudication of guilt and placed appellant under an order

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

of community supervision for five years. After the State filed its second motion to proceed to adjudication in March 2008, appellant's community supervision was extended until October 2012.

The State filed its third motion to proceed with adjudication of guilt in March 2009. As grounds, the State alleged appellant violated four conditions of his community supervision order: he traveled beyond the geographic limitation of the order without court permission; he failed to pay the monthly supervision fee for January and February 2009; he failed to pay restitution for July 2008 through February 2009; and he failed to pay delinquent probation fees for January 2009 and February 2009.

At the hearing, appellant plead true to the violations alleged. The trial court then received evidence which included the testimony of a probation officer. According to the officer, appellant requested permission to travel to New Orleans, outside the geographic limitation of his community supervision order. The request was denied. The officer then attempted two home visits but was unable to locate appellant. Following investigative telephone calls and a visit to appellant's workplace, the officer received a call from appellant. He admitted traveling to New Orleans. Concerning appellant's claim that financial duress caused his payment arrearages, the probation officer testified that appellant offered to "overnight" the past due sums if allowed to travel to New Orleans.

Appellant testified in his defense. He explained the purpose of his trip to New Orleans was to attend a business conference that he considered necessary to his continued employment. And he fell behind on restitution and fees because of insufficient income. After close of the evidence, the trial court sentenced appellant to

four years confinement in prison. In open court, following pronouncement of sentence, appellant offered to bring current his arrearages if allowed to remain on community supervision. The trial court declined the offer. Appellant now appeals.

Analysis

Through a single issue, appellant argues the evidence was insufficient to support revocation of community supervision. A community supervision revocation proceeding is neither a criminal nor a civil trial, but an administrative proceeding. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State,* 645 S.W.2d 303, 305 (Tex.Crim.App.1983). A trial court abuses its discretion if its decision is so clearly wrong that it lies outside the zone within which reasonable people might disagree. *Wilkins v. State,* 279 S.W.3d 701, 703-704 (Tex.App.--Amarillo 2007, no pet.). The trial judge is the sole trier of fact and determines the credibility of the witnesses and the weight given their testimony. *Allbright v. State,* 13 S.W.3d 817, 818-19 (Tex.App.--Fort Worth 2000, pet. refused).

We review the evidence in the light most favorable to the court's ruling. *Cardona,* 665 S.W.2d at 493; *Allbright,* 13 S.W.3d at 819. Hence a factual sufficiency review is inapplicable to revocation proceedings. *Allbright*, 13 S.W.3d at 818. *See also Cherry v. State,* 215 S.W.3d 917, 919 (Tex.App.--Fort Worth 2007, pet. refused) (collecting cases). Appellant makes an argument the evidence supporting revocation was factually insufficient, and in support cites *Pierce v. State.* 113 S.W.3d 431, 436 (Tex.App.--

3

Texarkana 2003, pet. refused). We do not read *Pierce* to set forth a different standard for review of a revocation order than we have stated. To the extent appellant intends his issue to include a claim that the trial court abused its discretion because the evidence was factually insufficient to support revocation, we overrule the issue.

The burden is on the State in a revocation proceeding to prove by a preponderance of the evidence that the defendant is the same individual named in the judgment and order of community supervision, and the defendant violated a term of community supervision in the motion to revoke. *Cobb,* 851 S.W.2d at 873-74. This standard is met when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his or her community supervision as the State alleged. *Martin v. State,* 623 S.W.2d 391, 393 n.5 (Tex.Crim.App. 1981) (panel op.); *Allbright,* 13 S.W.3d at 819.

A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App. 1979); *Lewis v. State,* 195 S.W.3d 205, 209 (Tex.App.--San Antonio 2006, no pet.). Here appellant pled true to each violation alleged and the State offered undisputed proof that appellant traveled beyond the ordered area of supervision without court authorization. Further, appellant's attempt to bargain for continued community supervision by offering to "overnight" payment of restitution and fees and pay the arrearages is some evidence belying his affirmative claim of inability to pay fees and

4

restitution. Finally, the punishment the trial court assessed is within the range authorized by statute.[2]

But as we discern it, the core of appellant's issue is that, despite his plea of true to the violations the State alleged, the trial court abused its discretion by sentencing him to confinement rather than continuing his community supervision. It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). *See generally Ex parte Chavez,* 213 S.W.3d 320, 323-24 (Tex.Crim.App. 2006) (describing essentially "unfettered" sentencing discretion of court). As we have noted, and as is clear from appellant's testimony, this was the third hearing of a motion to proceed in his case. And, asked at this last adjudication hearing by the trial court about the circumstances of the burglary to which he plead guilty in 2003, appellant told the court he did not know anything about the offense because "I didn't do it." We find the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the range authorized by law. Appellant's issue is overruled.

---

[2] Generally, burglary of a habitation is classified as a second-degree felony, punishable by a sentence of two to twenty years' imprisonment and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. §§ 30.02(c)(2); 12.33(a),(b) (West 2011).

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.


James T. Campbell
Justice

Do not publish.