

In The

Court of Appeals

Seventh District of Texas at Amarillo

———————————————

No. 07-13-00230-CR

———————————————

MAURICE MONTAIL THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from Criminal District Court Number Four
Tarrant County, Texas
Trial Court No. 1302113W; Honorable Michael Thomas, Presiding

February 25, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pursuant to a plea bargain, on November 20, 2012, Appellant, Maurice Montail Thompson, was granted deferred adjudication for the offense of assault against a family member.[1] He was placed on community supervision for two years and assessed a fine

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2013). The portion of the statute relied on by the State provides, "the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth."

of $200, which was not suspended. Three months later, the State moved to proceed with an adjudication of guilt citing multiple violations of the conditions of community supervision. At a hearing on the State's motion,[2] Appellant entered pleas of not true to four of the allegations and pleaded true to two of the allegations. The trial court heard testimony and found Appellant had violated all the conditions alleged by the State. Appellant was adjudicated guilty of the charged offense and sentenced to four years confinement. In presenting this appeal, counsel has filed an *Anders*[3] brief in support of his motion to withdraw. We affirm and grant counsel's motion.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at

---

[2] The hearing was a joint hearing on the State's motion to proceed in this cause and a trial on a new charge of retaliation. Appellant's conviction on the new charge is the subject of a separate appeal. *See Thompson v. State*, No. 07-13-00231-CR, 2014 Tex. App. LEXIS __ (Tex. App.—Amarillo Feb. 25, 2014, no pet. h.) (issued this same date).

[3] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

408.[4]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response to the *Anders* brief.  Neither did the State favor us with a brief.

## BACKGROUND

The complainant testified she and Appellant were involved in a romantic relationship for about a year and a half.  They were engaged to be married.  She testified Appellant choked her and as a result, he was placed on deferred adjudication community supervision.  The relationship continued.  She testified Appellant is a good man but is unable to handle his liquor.

## STANDARD OF REVIEW

A trial court's decision to proceed with an adjudication of guilt on the original charge following a grant of deferred adjudication is reviewable in the same manner as a decision to revoke community supervision following a revocation hearing conducted under article 42.12, section 21, in a case in which an adjudication of guilt had not been deferred.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2013).  The sole question before this Court is whether the trial court abused its discretion.  *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App.

---

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days *after* this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

1983).  The State must prove by a preponderance of the evidence that the defendant violated at least one condition of community supervision as alleged in the motion.  *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision.  *Cardona*, 665 S.W.2d at 494.  In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling.  *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).  A finding of a single violation of the conditions of community supervision is sufficient to support the trial court's ruling.  *See Allbright v. State*, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref'd) (citing *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980)).  Additionally, a plea of true standing alone is sufficient to support the trial court's judgment adjudicating guilt.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

## ANALYSIS

In addition to his pleas of true, Appellant testified he had not worked since December 15, 2012, and had not furnished proof of employment, a condition of his community supervision.  Furthermore, the State presented testimony establishing that Appellant had committed the new offenses of criminal trespass, assault against his fiancée and retaliation.

In the *Anders* brief, counsel analyzes the stages of the underlying proceeding and the applicable law and concludes there are no errors to present that would require reversal of Appellant's conviction.  We have independently examined the entire record

to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice



Do not publish.

5